IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN DIVISION

| | |
|---|---|
| ABENTINO OCHOA TACZA, | ) |
| | ) |
| Petitioner | ) 3:25-CV-246-SLH |
| | ) |
| vs. | ) STEPHANIE L. HAINES |
| | ) UNITED STATES DISTRICT JDUGE |
| LEONARD ODDO, et al., | ) |
| | ) |
| Respondents. | ) |

**<u>MEMORANDUM ORDER</u>**

Petitioner Abentino Ochoa Tacza ("Tacza"), a native and citizen of Peru, was detained by the United States Immigration and Customs Enforcement ("ICE") on June 27, 2025, and has since been incarcerated at the Moshannon Valley Processing Center ("Moshannon").[1] At a bond hearing on July 21, 2025, Immigration Judge Richard Bailey granted Tacza's request for a change in custody status,[2] ordering Tacza to be released from custody under bond of $7,500. ECF No. 1-5. The Department of Homeland Security ("DHS") reserved the right to appeal the Immigration Judge's redetermination, ECF No. 1-5, p. 2, and filed a Notice of Intent to Appeal Custody Redetermination on July 22, 2025, effectuating a stay of the Immigration Judge's order. *See* 8 C.F.R. § 1003.19(i)(2); ECF No. 3, p. 3; ECF Nos. 1-7, 1-8. On August 1, 2025, nine business days after the Immigration Judge's bond redetermination, DHS filed an appeal from the Immigration Judge's Decision with the Board of Immigration Appeals ("Board"). ECF No. 11-1.

---

[1] The Court derives factual background from filings of both parties. While the facts are primarily drawn from Tacza's filings, some are drawn from Respondents' Exhibits, which the Court notes include copies of documents filed with and received from the Board of Immigration Appeals. The Court accepts these exhibits as true and declines any offer by Tacza to look behind these exhibits.
[2] DHS had determined Tacza should be detained absent bond prior to the custody redetermination by the Immigration Judge on July 21, 2025. *See* ECF No. 11, p. 1.

1

On August 7, 2025, Tacza filed a petition seeking a writ of habeas corpus under 28 U.S.C. § 2241 ("Petition"). ECF No. 1. Therein, Tacza requested that this Court order "Respondents to release Mr. Ochoa on bond as previously ordered by IJ Bailey[,]" arguing that ICE's refusal of the tendered bond was unlawful and unjustified. ECF No. 1, ¶¶ 1, 45.

Pending before the Court is Tacza's Motion for a Temporary Restraining Order ("Motion") filed on August 11, 2025. ECF No. 3. In his Motion, Tacza "relies upon his [petition seeking a writ of habeas corpus] . . . and its exhibits" to reassert that, because Respondents denied a tender of bond and instead continued to hold him in custody, he is being unlawfully detained in violation of the Immigration Judge's custody redetermination. ECF No. 3. As a result, Tacza requests "that this Court enter a temporary restraining order requiring Respondents to comply with the terms of the [I]mmigration [J]udge's order granting him bond (ECF No. 1-5), pending a hearing on his Verified Petition for Habeas Corpus (ECF No. 1)." ECF No. 3.

On August 12, 2025, this Court issued an Order setting briefing deadlines, requiring the Respondents to file and serve a written response to Tacza's Motion for a Temporary Restraining Order by August 19, 2025, at 4:30 PM and permitting Tacza to file a Reply to the Response by August 22, 2025, at 4:30 PM. ECF No. 8. Respondents filed a Response on August 19, 2025, ECF No. 11, to which Tacza replied on August 21, 2025. ECF No. 14. The matter is therefore ripe for disposition.

For the reasons set forth below, the Court will DENY Tacza's Motion for a Temporary Restraining Order. ECF No. 3.

I.  **Legal Standard**

Federal Rule of Civil Procedure 65 governs both preliminary injunctions and temporary restraining orders. Fed. R. Civ. Proc. 65. As a result, "[t]he standard for granting a temporary

2

restraining order under Federal Rule of Civil Procedure 65 is the same as that for issuing a preliminary injunction." *Zaslow v. Coleman*, 103 F.Supp.3d 657, 662 (E.D. Pa. 2015).

Relief afforded through a preliminary injunction or a temporary restraining order "is an extraordinary remedy, which should be granted only in limited circumstances." *SEC v. Chappell*, 107 F.4th 114 (3d Cir. 2024) (quoting) *Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014) (internal quotation marks omitted)). In order to be granted a TRO, a petitioner must show that: (1) he is likely to succeed on the merits, (2) denial will result in irreparable harm to the petitioner, (3) granting the injunction will not result in irreparable harm to the respondent(s), and (4) granting the injunction is in the public interest. *Maldonado v. Houston*, 157 F.3d 179, 184 (3d Cir. 1998); *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017); *see also Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (setting forth the above elements in the context of preliminary injunctions). "[A] movant for preliminary equitable relief *must* meet the threshold for the first two 'most critical' factors: it must demonstrate that it can win on the merits. . . and that it is more likely than not to suffer irreparable harm in the absence of preliminary relief. *If these gateway factors are met*, a court then considers the remaining two factors[.]" *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017); *see also Greater Phil. Chamber of Com. v. City of Phil.*, 949 F.3d 116, 133 (3d Cir. 2020).

II. **Analysis**

   a. **Likelihood of Success on the Merits**

The first of the "gateway factors" that must be met in order for a court to grant a preliminary injunction or TRO is the likelihood of success on the merits. *See Reilly*, 858 F.3d at 179.

Under 8 C.F.R. § 1003.19(i)(2)

> In any case in which DHS has determined that an alien should not be released or has set a bond of $10,000 or more, any order of the immigration judge authorizing

release (on bond or otherwise) shall be stayed upon DHS's filing of a notice of intent to appeal the custody redetermination (Form EOIR–43) with the immigration court within one business day of the order, and, except as otherwise provided in 8 CFR 1003.6(c), shall remain in abeyance pending decision of the appeal by the Board. The decision whether or not to file Form EOIR–43 is subject to the discretion of the Secretary.

The automatic stay imposed under 8 C.F.R. § 1003.19(i)(2)—once DHS files a notice of appeal within one business day of a custody redetermination—remains in effect so long as the requirements of 8 C.F.R. § 1003.6(c) are met. Under 8 C.F.R. § 1003.6(c)(1), "[t]he stay shall lapse if DHS fails to file a notice of appeal with the Board within ten business days of the issuance of the order of the [I]mmigration [J]udge." In order to preserve the automatic stay when an appeal is timely filed,

> [T]he attorney for DHS shall file with the notice of appeal a certification by a senior legal official that—
> (i) The official has approved the filing of the notice of appeal according to review procedures established by DHS; and
> (ii) The official is satisfied that the contentions justifying the continued detention of the alien have evidentiary support, and the legal arguments are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing precedent or the establishment of new precedent.

8 C.F.R. § 1003.6(c)(1)(i)-(ii).

Here, Tacza contends that Respondents have "willful[ly]" and "flagrant[ly]" defied the Immigration Judge's determination of bond by denying the tender of bond and continuing to detain him in Moshannon. *See* ECF No. 4, p.4. Tacza acknowledges that an automatic stay was imposed upon the Immigration Judge's bond determination when DHS filed its Notice of Intent to Appeal on July 22, 2025. ECF No. 4, p. 3; 8 C.F.R. § 1003.19(i)(2). However, Tacza asserts that DHS failed to file a notice of appeal with the Board within ten business days, which would cause the stay to lapse. ECF No. 4, p. 3; 8 C.F.R. § 1003.6(c)(1).

4

Upon Respondents' showing that a notice of appeal was, in fact, filed on August 1, 2025, with the Board of Immigration—nine business days after the Immigration Judge's July 21st Order, ECF Nos. 11, 11-1, 11-3—Tacza alleges additional defects in the actions of Respondents that would cause the automatic stay to lapse. Specifically, Tacza contends that Respondents failed to file proper certification by a senior legal official alongside their appeal to the Board, which would cause the automatic stay to lapse under 8 C.F.R. § 1003.6(c)(1)(i)-(ii). ECF No. 14, p. 4. While Respondents' exhibits clearly indicate that the filer, Keith Hoppes, is the Assistant Chief Counsel for ICE, ECF No. 11-1, Tacza contends that this individual is not a senior legal official. ECF No. 14, p.4. Additionally, Tacza argues that the "Statement of the Basis for the Appeal," ECF No. 11-1, pp. 5-6, filed alongside Respondents' appeal to the Board does not constitute a sufficient certification that: (1) the filing was approved by a senior legal officer according to DHS procedures or that (2) a senior legal officer is satisfied that the contentions justifying the continued detention of Tacza have evidentiary support, and the legal arguments are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing precedent or the establishment of new precedent. ECF No. 14, p. 4.

The Court disagrees. As Assistant Chief Counsel for ICE, Keith Hoppes is a senior legal officer within DHS. The "Statement of the Basis for the Appeal," signed by Hoppes and accompanying Respondents' Appeal to the Board, sufficiently indicates that Hoppes, a senior legal advisor: (1) approved filing the appeal and (2) was satisfied that the contentions justifying continued detention have sufficient support and that the legal arguments are warranted under the law.

Thus, in short, Respondents properly filed a notice of intent to file an appeal, ECF No. 3, p. 3; ECF Nos. 1-7, 1-8, on July 22, 2025. Subsequently, Respondents complied with the

requirements under 8 C.F.R. § 1003.6(c) by filing a notice of appeal with the Board within ten business days of the Immigration Judge's custody redetermination.[3] ECF No. ECF No. 11-1. Respondents also included alongside the appeal sufficient documentation that indicated a senior legal official approved the filing of the appeal and that the continued detention is merited by evidence and the law; thus, the automatic stay imposed upon the Immigration Judge's custody redetermination under 8 C.F.R. § 1003.19(i)(2) remains in place. *Jacinto v. Trump*, --- F.Supp.3d ---, *1-2 (D. Neb. 2025) (finding that when all regulations under 8 C.F.R. §§ 1003.19(i)(2), 1003.6(c) are followed, an Immigration Judge's redetermination of bond is stayed for 90 days, or until a decision is reached by the Board on the appeal). Because that redetermination is currently stayed, ICE is currently under no legal obligation to accept any tender of bond and release Tacza. *See Monsalvo v. Bondi*, 145 S.Ct. 1232, 1236-37 (2025) (noting that an appeal to the Board of Immigration Appeals stays the order of the Immigration Judge under 8 C.F.R.§ 1003.6). As Tacza's continued detention is clearly supported by governing regulations, Tacza has not demonstrated a likelihood of success on the merits of the claims included in his TRO. ECF No. 3. Thus, because Tacza has failed to satisfy a gateway factor—likelihood of success on the merits—the Court need not further analyze any of the remaining factors. *See Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017) ("[A] movant for preliminary equitable relief *must* meet the threshold for the first two 'most critical' factors[;]" only if those two gateway factors are met does a court consider the remaining two factors.).

---

[3] The Court notes that Tacza argues Respondents failed to comply with the requirements of 8 C.F.R. § 1003.6(c)(i) by failing to mark the appeal as an automatic stay case. ECF No. 14, p.4 n.2. However, 8 C.F.R. § 1003.6(c)(1) indicates that the appeal "should" be identified as an automatic stay case, not that it "shall" be so identified. *See Geisinger Community Medical Center v. Secretary U.S. Dept. of Health and Human Services*, 794 F.3d 383, 394 (3d Cir. 2015) ("Indeed '[t]he word shall is ordinarily the language of command.'") (quoting *Alabama v. Bozeman*, 533 U.S. 146, 153 (2001)). Importantly, other provisions of 8 C.F.R. § 1003.6(c)(1) require DHS to take particular action, denoted by use of the word "shall." *See Russello v. United States*, 464 U.S. 16, 23, (1983) (explaining in the context of congressional legislation that where particular language is found in one section of governing regulation but omitted in another section of the same regulation, it is generally presumed that the drafters acted intentionally).

As such, upon review of Petitioner Abentino Ochoa Tacza's Motion for a Temporary Restraining Order, ECF No. 3, and accompanying briefing, ECF Nos. 4, 14, the Court finds that he has failed to demonstrate a likelihood of success on the merits. Therefore, **IT IS HEREBY ORDERED** that Petitioner's Motion at ECF No. 3 is **DENIED** insofar that it seeks relief via a temporary restraining order.

**IT IS FURTHER ORDERED** that all remaining matters in this case remain referred to the Magistrate Judge for consideration in the first instance.

SO ORDERED and DATED this 25th of August 2025.

BY THE COURT:

STEPHANIE L. HAINES
UNITED STATES DISTRICT JUDGE